**ORIGINAL**

UNDER SEAL

SLR:LDM:CSK
F.#2010R01746

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 0 6 2013 ★

BROOKLYN OFFICE

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

SASSINE RAZZOUK,

              Defendant.

- - - - - - - - - - - - - - - - -X

CONSENT PRELIMINARY ORDER
OF FORFEITURE

11-CR-430

(Mauskopf, J.)

        WHEREAS, in the above-captioned case, the defendant SASSINE RAZZOUK consents to the entry of a forfeiture money judgment in the amount of Six Million, Five Hundred and Fifteen Thousand, Eight Hundred and Nine Dollars ($6,515,809) in United States currency (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461, as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 666(a)(1)(B), constituting a specified unlawful activity, as defined in 18 U.S.C. § 1956(c)(7), and/or as substitute assets; and

        WHEREAS, on or about June 10, 2011, the defendant entered a plea of guilty to an information charging violations of 18 U.S.C. § 666(a)(1)(B) and 26 U.S.C. § 7201;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant, as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 18 § U.S.C. 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461 on or before June 30, 2011 ("the Due Date").

2. In partial payment of the Forfeiture Money Judgment the defendant agrees to forfeit to the United States the following properties that have been seized pursuant to court-authorized seizure warrants and which at the time of their seizures had a total approximate value of only $3,023,624:

    (a) any and all funds currently on deposit or transferred to or through SECUREVEST FINANCIAL GROUP, INC. ACCOUNT NO. XXX-X479, HELD IN THE NAME OF OR FOR THE BENEFIT OF MDM CAPITAL, INC. AND SERVICED BY OR THROUGH JP MORGAN CHASE CLEARING CORP., UP TO AND INCLUDING $4 MILLION AND ANY AND ALL PROCEEDS TRACEABLE THERETO seized pursuant to a court-authorized seizure warrant on or about January 18, 2011;

    (b) any and all funds currently on deposit or transferred to or through SECUREVEST FINANCIAL GROUP, INC. ACCOUNT NO. XXX-X480, HELD IN THE NAME OF OR FOR THE BENEFIT OF SASSINE RAZZOUK AND SERVICED BY OR THROUGH JP MORGAN CHASE CLEARING CORP., UP TO AND INCLUDING $1.3 MILLION AND ANY AND ALL

PROCEEDS TRACEABLE THERETO, seized pursuant to court-authorized seizure warrants on or about January 18, 2011 and April 7, 2011;

(c) any and all funds currently on deposit or transferred to or through FIDELITY INVESTMENT ACCOUNT NO. XXX-XX2099, HELD IN THE NAME OF OR FOR THE BENEFIT OF SASSINE RAZZOUK UP TO AND INCLUDING $1.2 MILLION AND ANY AND ALL PROCEEDS TRACEABLE THERETO, seized pursuant to a court-authorized seizure warrant on or about January 18, 2011; and

(d) any and all funds on deposit or transferred to or through J.P. MORGAN CHASE ACCOUNT NO. 2945051197, HELD IN THE NAME OF SASSINE RAZZOUK, UP TO AND INCLUDING $362,000.00, AND ALL PROCEEDS TRACEABLE THERETO, seized pursuant to a court-authorized seizure warrant on or about February 2, 2011.

3. The balance of the Forfeiture Money Judgment shall be paid by the defendant by bank or certified check(s), made payable to the "United States Department of Treasury", no later than the Due Date. All payments to be made towards the Forfeiture Money Judgment shall be delivered to the United States Attorney's Office, EDNY, Att: Claire S. Kedeshian, Assistant U.S. Attorney, with the criminal docket number noted on the face of the check(s), on or before the Due Date. Should the total balance in any of the afore-mentioned seized accounts be more or less than $3,023,624, the defendant has agreed and shall remain

responsible for paying the entire Forfeiture Money Judgment in full on or before the Due Date.

4. In the event the defendant fails to pay the full amount of the Forfeiture Money Judgment on or before the Due Date, interest shall accrue on the unpaid amount at the judgment rate of interest from the Due Date. Further, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

5. The defendant shall fully assist the Government in effectuating the payment of the Forfeiture Money Judgment and the forfeiture of any and all of the above-referenced forfeitable properties. The defendant shall not file or interpose any claim or assist others in filing or interposing any claim to any property against which the Government seeks to execute the Forfeiture Money Judgment or the accounts or vehicles in any administrative or judicial proceeding.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the assets and monies forfeited hereunder. The defendant further knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the assets and monies forfeited

hereunder, and waives any and all defenses to the forfeiture described in this Consent Order, including, but not limited to, defenses based on double jeopardy, ex post facto application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

7. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Consent Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of the Order.

10. The United States shall publish notice of this Order and notice of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct, on the government website www.forfeiture.gov, in accordance with the custom and practice in this district. The

United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

11. Any person, other than the Defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

12. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

13. This Consent Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and

7

transferees of the defendant, and shall survive the bankruptcy of any of them.

      14. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order.

      15. The Clerk of the Court is directed to send, by inter-office mail, three certified copies of this executed Consent Order to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      June 10, 2011

                      s/Roslynn R. Mauskopf

                      HONORABLE ROSLYNN R. MAUSKOPF
                      UNITED STATES DISTRICT JUDGE
                      EASTERN DISTRICT OF NEW YORK